# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| MARIA-ELENA HERMANSON,  )<br>            )<br>         Plaintiff(s),    )<br>            )<br>vs.          )<br>            )<br>CLARK COUNTY EDUCATION ASSOCIATION, )<br>            )<br>         Defendant(s).    )<br>            ) | Case No. 2:14-cv-02153-JAD-NJK<br><br>ORDER DENYING STIPULATION<br>TO EXTEND DEADLINES<br><br>(Docket No. 31) |

Pending before the Court is the parties' stipulation to extend various deadlines established by the scheduling order. Docket No. 31. For the reasons discussed below, the parties' stipulation is hereby **DENIED** without prejudice.

## I.     Standards

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the] case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 2000) (internal quotations and citation omitted).

A request to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. *Johnson*, 975 F.2d at 608-09; *see also* Fed. R. Civ. P. 16(b) and Local Rule 26-4. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000). "Good cause" to extend a deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975

F.2d at 609. While prejudice to the opposing party may also be considered, where the movant "fail[s] to show diligence, 'the inquiry should end.'" *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.2d at 609).

**II.      Analysis**

The parties' stipulation seeks to extend the discovery cut-off date and dispositive motion deadline by ninety days. Docket No. 31, at 2. As noted above, the Court's initial inquiry into whether these deadlines should be extended is the diligence of the movant.

It is clear that the parties have not diligently conducted discovery. The only discovery completed to date is the exchanging of initial disclosures. *Id.*, at 2-3. The parties' reason for not completing discovery is that they "were engaged in motion practice and also involved in the early neutral evaluation." *Id.*, at 2. Parties may not self-impose a stay of discovery absent a court order. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending"). Having reviewed the materials submitted, the Court finds that the parties have not shown the diligence required for a finding of "good cause." This ends the Court's inquiry into whether an extension should be granted. *See Coleman*, 232 F.3d at 1295.

**III.     Conclusion**

For the reasons discussed more fully above, the parties' stipulation to extend discovery deadlines (Docket No. 31) is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: May 21, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge